J-S55043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ERIC JAMES MASELLI, | : | |
| Appellant | : | No. 708 WDA 2015 |

Appeal from the Judgment of Sentence Entered April 15, 2015,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0002124-2014

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 28, 2015**

Eric James Maselli (Appellant) appeals from a judgment of sentence entered after a jury convicted him of theft by deception. We affirm.

The background underlying this matter can be summarized as follows. A large radiator was stolen from a company called Christopher Resources. That radiator was sold to Metalico, a scrap yard. It is undisputed that Appellant sold the radiator to Metalico and that Christopher Resources did not give permission to Appellant to sell the radiator. Due to these events, the Commonwealth arrested Appellant and charged him with receiving stolen property and theft by deception.

A jury acquitted Appellant of receiving stolen property but convicted him of theft by deception. After he was sentenced, Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P.

---

*Retired Senior Judge assigned to the Superior Court.

1925(b), and Appellant filed a 1925(b) statement. The trial court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).

In his brief to this Court, Appellant asks us to consider one question, namely, "Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that Appellant intentionally created a false impression that Appellant had the authority to sell the radiator?" Appellant's Brief at 7 (unnecessary capitalization omitted). Appellant presents this Court with a challenge to the sufficiency of the evidence presented at trial.

> Our standard of review in determining whether the evidence was sufficient
>
> > requires that we consider the evidence admitted at trial in a light most favorable to the Commonwealth, since it was the verdict winner, and grant it all reasonable inferences which can be derived therefrom. The evidence, so viewed, will be deemed legally sufficient to sustain the jury's conviction on appeal only if it proves each element of the offense charged beyond a reasonable doubt.

***Commonwealth v. Poland***, 26 A.3d 518, 521 (Pa. Super. 2011) (citation omitted).

The jury convicted Appellant of violating subsection (a)(1) of the theft by deception statute, which provides,

> A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally … creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

- 2 -

18 Pa.C.S. § 3922(a)(1).

Consistent with the Commonwealth's theory of the case, the trial court instructed the jury that they could find Appellant guilty of committing theft by deception if the Commonwealth proved that Appellant intentionally obtained Metalico's money by intentionally creating the false impression that he had the authority to sell the radiator. N.T., 4/8/2015, at 57-58. Appellant's sole contention on appeal is that the Commonwealth failed to prove that he intentionally created the false impression that he had the authority to sell the radiator.

The trial court accurately summarized the pertinent evidence admitted at Appellant's trial as follows.

> … On the morning of November 7, 2014, Commonwealth witness, James [Anthony] Carolla, an equipment operator for Christopher Resources went to his job site near U.S. Route 40, Uniontown, Fayette County, Pennsylvania, at approximately 6:45 A.M. He observed one set of tire tracks in the mud at the development site, and then notice[d] that a radiator for a large piece of mining equipment, a Caterpillar 992, was missing. [He also observed marks in the mud where someone had dragged the radiator.] The radiator had a replacement value of at least $9,000.00.
>
> Mr. Carolla contacted the owner of the company he works for to report the tracks and the missing radiator, and then called the Pennsylvania State Police. Later in the morning of November 7, 2015, Mr. Carolla and a state trooper went to a local scrap yard known as Metalico Iron & Metal. Upon their arrival, they saw the radiator, which Mr. Carolla immediately identified, but the radiator had already been broken down into four pieces by the time of its discovery. It was then unusable scrap as it could never be put back together in usable condition.

Commonwealth witness Samuel Close, an employee of Metalico, identified [Appellant] as a man known to him prior to the date in question because he had previously sold items to the scrap yard. On November 7, 2014, at about 7:20 A.M., [Appellant] approached Mr. Close about bringing in the radiator, whereupon Mr. Close used a transport vehicle similar to a Bobcat to go across the road, pick up the radiator and bring it in. He then weighed it, at 1,020 pounds, for which [Appellant] was then paid $1.40 per pound. [Appellant] received $1,428.00 on November 7, 2015, for the radiator. [Mr. Close's testimony also established that Appellant arrived at Metalico in a pickup truck. The bed of the truck was equipped with a winch.]

Trial Court Opinion, 5/15/2015, at 1-2 (citations omitted).

When this evidence is viewed in a light most favorable to the Commonwealth, it demonstrates that, on the morning of November 7, 2015, Appellant brought a radiator that he knew he did not own to Metalico and sold that radiator to Metalico in exchange for money. Thus, contrary to Appellant's argument, we conclude the evidence sufficiently establishes that the Commonwealth proved that Appellant intentionally created the false impression to Metalico that he had the authority to sell the radiator. Consequently, Appellant is due no relief, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

J-S55043-15

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 9/28/2015